Clara Doyle, Appellant, v. George Doyle, Appellee.

Gen. No. 41,541.

Opinion filed April 14, 1941.

HENRY W. KENOE, of Chicago, for appellant.

MILTON J. SABATH, of Chicago, for appellee.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

October 6, 1937, plaintiff filed her complaint in chancery against defendant for separate maintenance, in which she alleged they were married July 11, 1928, and as a result of such marriage two children were born, and that on account of defendant's cruelty she was obliged to leave him August 31, 1937.

July 13, 1939, a decree awarding her separate maintenance was entered in which it was found defendant had, without cause, deserted her. She was given the custody and control of the two children aged 7 and 5, and awarded $780 per year for the support of herself and the children, payable in weekly installments of $15. The decree provided that defendant, the father, might see the children Sunday afternoons and at other specified times and that some third person should call for the children, take them to defendant and return them to plaintiff.

July 24, 1939, defendant filed a petition alleging plaintiff had refused to permit him to visit the children, as provided for in the decree, and prayed that a rule be entered on plaintiff to show why she should not be adjudged in contempt of court. The matter was continued and August 28, plaintiff filed a petition alleging defendant was behind in the payments required by the decree and asked for a rule on him to show cause why he should not be held in contempt of court. On the same day an order was entered that defendant show cause why he was not in contempt of court for failure to comply with the terms of the decree, and the matter was continued as was also the hearing on defendant's petition. September 28, an order was entered which recites the coming on for hearing of the petitions of defendant and plaintiff above mentioned and it was ordered that by reason of Mrs. Doyle's failure to permit the father to visit the children and to have their custody at the times provided for in the decree that

payments which had not been made by him were to be made and received by the attorneys representing both parties, upon condition that plaintiff permit defendant to have the children. The further hearing on the two petitions was continued.

October 17, 1939, defendant filed another petition alleging *inter alia* he had not been permitted the privilege of seeing the children and having them with him; that plaintiff had poisoned the children's minds so that they did not want to see him. The prayer of the petition was that he be given the sole care, custody and control of the children subject to plaintiff's rights to visit them on certain days. The matter was continued from time to time and November 22, plaintiff filed a petition for a change of venue from Judge NELSON. On the same day the court entered an order denying the prayer of the petition. Thereafter a number of orders were entered continuing the petitions from time to time, and February 13, 1940, an order was entered on motion of attorney for defendant for the custody of the children. The order recites the court heard the evidence of all parties and it was ordered that the decree be modified and the custody of the children be ''awarded to The Mother of Sorrows Institute at 13811 S. Western Avenue'' the costs of maintenance for the children to be paid to the institute by defendant.

March 20, plaintiff filed a petition to vacate the order of February 13. The matter was finally heard July 2, and the prayer of the petition was denied. It is from this order that plaintiff appeals.

On the hearing July 2, it appears from the report of the proceedings that plaintiff's petition (that defendant be adjudged in contempt for failure to pay as required by the decree) and plaintiff's petition regarding the custody of the children were both under consideration. Court and counsel reviewed some of the prior

proceedings from which it appears defendant had theretofore agreed to waive his right to visit the children if a divorce were granted. The court stated he thought this had been agreed to.

"THE COURT: I thought that would relieve the situation. She would have sole custody and no bother about him coming around visiting. The facts are that he has another woman and that is why the separate maintenance suit comes on. . . . she is bitter and jealous and won't let him see the children and won't obey the court or her attorney or listen to any counsel. . . . I don't want to send her to the County Jail. I thought I would discipline her by taking the children away from her." After further discussion counsel for defendant said: "We don't want a divorce. I make that statement right now. We want the children." And later continuing, counsel for plaintiff said: "In none of these proceedings has Your Honor found her to be unfit. It is just a matter of visitation. THE COURT: Not unfit from a moral standpoint of proper physical care of the children. She is an indulgent mother so far as I know. The record is clean and clear, but she is so stubborn and she defies the court. She has her husband tied by a decree of separate maintenance. She won't let him see the children."

We think it clear the purpose of defendant's actions, as shown by the record after the decree was entered, was to badger plaintiff so as to compel her to secure a divorce. The legislature has passed the laws governing separate maintenance and divorce and they must be followed. Such matters are peculiarly and entirely within the control of the legislature. The legislature having spoken, it is the duty of the court to enforce the law as enacted. We think the action of the court in taking the custody of the children from the mother and placing them in an institution was unwarranted.

Of course plaintiff must comply with the terms of the decree or she will be in contempt of court.

The order of July 2, is reversed as is the order taking the custody of the children from plaintiff.

*Order reversed.*

MATCHETT and McSURELY, JJ., concur.